## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

PATRICIA DUKERT, INDIVIDUALLY  )
AND AS PERSONAL REPRESENTATIVE )
OF THE ESTATE OF       )
CLARE WILLIAM DUKERT,    )
               ) Cause No. 2:14-cv-506
   Plaintiff,      )
               )
VS.             )
               )
THE UNITED STATES OF AMERICA,  )
               )
   Defendant.      )

## COMPLAINT FOR WRONGFUL DEATH

**COMES NOW** the Plaintiff, PATRICIA DUKERT, INDIVIDUALLY AND AS

PERSONAL REPRESENTATIVE OF THE ESTATE OF CLARE WILLIAM

DUKERT, by and through their attorneys, POULOS & COATES, LLP. (VICTOR F.

POULOS and GREIG W. COTES)  and LAW OFFICES OF FELICIA C.

WEINGARTNER (FELICIA C. WEINGARTNER), and brings this Complaint for

Wrongful Death under the laws of the State of New Mexico and for her  cause of action

alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C.

§1346(b)(1), 2671 et seq. as there exists claims against the United States of

America. Venue is proper in the District as the cause of action accrued in the State

of New Mexico and Plaintiff PATRICIA DUKERT resides therein.

## PARTIES

2.      The Plaintiff, PATRICIA DUKERT is a citizen of the United States and

resides in Sierra County, New Mexico.


3.      The Defendant THE UNITED STATES OF AMERICA is responsible for

the acts and omissions complained of which were committed by physicians

employed at the Raymond G. Murphy VA Medical Center at 1501 San Pedro

Drive SE, Albuquerque, NM 87108, under the Federal Tort Claims Act, 28 U.S.C.

§1346(b)(1), 2671 et seq. THE UNITED STATES OF AMERICA may be served

with process through Attorney General, Eric H. Holder, Jr. at U.S. Department of

Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

4.  Plaintiff has filed the required administrative claim under the Federal Tort

Claims Act and has otherwise complied with all conditions precedent to filing this

lawsuit.

## FACTUAL BACKGROUND

5.      CLARE W. DUKERT had a history of adenocarcinoma of the colon

dating back to February 2010, and had, since that time, undergone multiple

colonoscopies with polypectomy and biopsy at the 35-40cm level of the sigmoid

colon at the Raymond G. Murphy VA Medical Center in Albuquerque, New

Mexico. On February 15, 2013, CLARE W. DUKERT underwent a colonoscopy

for polyp surveillance of a residual tubulovillous adenoma at 35cm in the sigmoid

colon at the Raymond G. Murphy VA Medical Center. Brian T. Story, M.D.,

performed the colonoscopy with attending physician, Henry Lin, M.D., present

for "key portions" of the procedure. The polypectomy performed on February 15,

2013, was carried out at the same location in his colon as multiple prior

polypectomies had been performed on January 29, 2010, April 10, 2012, June 7,

2012, September 7, 2012 and November 14, 2012.

6.      CLARE W. DUKERT was discharged from the Raymond G. Murphy VA

Medical Center to Caballo, N.M. on February 15, 2013, following the

colonoscopy procedure.  Mr. and Mrs. Dukert spent the night of February 15 in

Albuquerque and drove home to Caballo on Saturday, February 16.  On Sunday,

February 17, CLARE W. DUKERT felt acutely ill with fever, chills, nausea and

vomiting.  Mr. Dukert's wife, Patricia Dukert, took Mr. Dukert to Sierra Vista

Hospital in Truth or Consequences, N.M. where he was assessed in the

Emergency Department. Imaging identified a perforation of the sigmoid colon at

the site of the previous polypectomy. CLARE W. DUKERT was diagnosed with

acute sepsis and airlifted to Del Sol Medical Center in El Paso, Texas, for

emergency surgery to repair the perforation of the sigmoid colon.  Surgery to

correct this defect was emergently performed at Del Sol Medical Center upon

admission. A temporary colostomy was placed at the surgical site. Multiple

related complications developed following this surgery, including, but not limited

to, treatment for deep vein thrombosis (DVT), cardiac and renal dysfunction, and

prolonged intubation for respiratory distress. On March 27, 2013, CLARE W.

DUKERT was discharged from Del Sol to a skilled nursing facility in Las Cruces,

N.M. for acute rehabilitation and monitoring. CLARE W. DUKERT was an inpatient at the skilled nursing facility until late May, 2013.

7.      From late May, 2013 until July 9, 2013, CLARE W. DUKERT was at home receiving physical therapy and occupational therapy, with home health nursing for ostomy care. On July 9, Mr. Dukert had acute onset of nausea and vomiting and was diagnosed with small bowel obstruction, resulting in a transfer admission to Mountain View Regional Medical Center in Las Cruces, N.M. on July 10. During that admission, Mr. Dukert had a successful re-anastomosis of the diverting colostomy and takedown of adhesions; however, he required additional surgery to repair an abdominal hernia associated with the repair surgery performed at Del Sol. Further complications ensued when wound dehiscence developed at the site of the hernia repair, requiring emergency abdominal surgery to place mesh at the site. The wound was left open to heal with a large wound vac in place. CLARE W. DUKERT was discharged home on August 2, 2013 to follow with home health nursing for wound care and continued physical and occupational therapy.  Mr. Dukert was continued on Coumadin and Lovenox secondary to his history of DVT.

8.      The day after Mr. Dukert's discharge from Mountain View, on August 3, he had profuse bleeding into his wound vac and his wife, Patricia Dukert, rushed him back to Mountain View Regional Medical Center where he was resuscitated with blood products. Mr. Dukert was discharged home on August 7 to continue home health nursing and therapies. Mr. Dukert was home for several days when he was readmitted to Mountain View. Unfortunately, CLARE W. DUKERT succumbed

to the previous multiple complications and ultimately died on August 22, 2013 as a result of the complications secondary to the injury he sustained during the colonoscopy at the Raymond G. Murphy VA Medical Center in Albuquerque, New Mexico on February 15, 2013.

## WAIVER OF SOVEREIGN IMMUNITY

9.      Pursuant to 28 U.S.C. § 1346(b)(1), the Federal Tort Claims Act, the United States has waived its right to sovereign immunity for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

## COUNT I- NEGLIGENCE

10.     Plaintiffs incorporate paragraphs through as though fully set forth herein.

11.     At all times material hereto, Brian T. Story, M.D., and Henry Lin, M.D., were at all times the employees, agents and/or apparent agents of  THE UNITED STATES OF AMERICA.   THE UNITED STATES OF AMERICA  is vicariously liable for the actions and omissions of Brian T. Story, M.D., and Henry Lin, M.D..

12.     THE UNITED STATES OF AMERICA had a duty to provide CLARE W. DUKERT with medical care that met or exceeded the standard of care for patients requiring surveillance and treatment of recurrent sigmoid lesions.

13.     Specifically, the Defendant, failed to use ordinary care in ensuring that

CLARE W. DUKERT received appropriate medical treatment that a reasonable and prudent physician would have provided under the same or similar circumstances by, and among other acts and omissions:

a.       Defendant failed to assess and determine the appropriate intervention for a recurrent lesion in the sigmoid colon that has been exposed to multiple prior biopsies and excisions;

b.       Defendant failed to provide competent care and safe excision during colonoscopic polypectomy resulting in perforation;

c.       Defendant failed to provide CLARE W. DUKERT with surgical options for the treatment of his residual sigmoid lesion prior to the colonoscopy procedure performed on February 15, 2013;

d.       Defendant failed to refer CLARE W. DUKERT for surgical consultation for an alternative to colonoscopic polypectomy prior to the procedure on February 15, 2013;

e.       Defendant failed to appreciate and explain to the CLARE W. DUKERT
the extreme risk for perforation in performing a colonoscopic excision in a patient who has previously undergone multiple prior excisions in the same location, resulting in lack of informed consent;

f.        Defendant failed to follow the accepted standard of care for the treatment and surveillance of residual polyps by performing a colonoscopic polypectomy after multiple prior similar procedures in the same location.

g.      Defendant was negligent by failing to adequately and appropriately treat Mr. Dukert's recurrent sigmoid lesion on February 15, 2013 by neglecting to refer Mr. Dukert for primary surgical resection.

14.      In undertaking the colonoscopy with polypectomy on February 15, 2013, the Defendant failed to use the skill and care that is used by a reasonable person in the same or similar circumstances. As set forth herein, Defendant breached such a duty. All of the above actions were a cause of the deceased's injuries and death.

15.      As a further result of all of the Defendant's negligence, CLARE W. DUKERT suffered a severe physical injury, with profound pain and suffering, resulting in multiple related complications leading to his death, thus entitling his Estate to the recovery of damages for pain and suffering and emotional distress suffered by CLARE W. DUKERT between the time of his injury and death.

16.      Plaintiff, PATRICIA DUKERT suffered, and continues to suffer, emotional and psychological distress as a result of the death of her spouse, CLARE W. DUKERT, to include the loss of the society, guidance and companionship of her spouse. The Estate of CLARE W. DUKERT, also incurred medical bills and expenses and funeral expenses as a result of the Defendant's negligence.

17.      As a further result of Defendants' negligence, the Estate of CLARE W. DUKERT, has suffered damages for medical and related expenses, past and future loss of recreational activities, loss of household services, loss of enjoyment of life, and an untimely death, and other damages, all in an amount not presently determinable, but to be proven at the time of trial.

18.     The injuries and death of CLARE W. DUKERT, were due to the acts and omissions of the Defendants, without any contributing negligence on the part of CLARE W. DUKERT or PATRICIA DUKERT.

19.

## C O U N T  I I - RESPONDEAT SUPERIOR

19.     Plaintiff incorporates paragraphs one (1) through sixteen (18) of this Complaint as if set forth fully herein.

20.     Upon information and belief, at all times material hereto, Defendant had employees, administrators, agents, servants, representatives, officers, directors, designees, technicians, and/or contractors, including but not limited to Dr. Storey and Dr. Lin, and, as such, was their employer.

21.     At all times material hereto, Defendant exercised significant control over said employees, administrator(s), agents, servants, representatives, officers, directors, designees, technicians, and/or contractors, and, as such, was their employer.

22.     When Defendant's employees, administrator(s), agents, servants, representatives, officers, directors, designees, technicians, and/or contractors participated in the medical care and treatment of CLARE DUKERT in February, 2013, said employees, administrator(s), agents, servants, representatives, officers, directors, designees, technicians, and/or contractors were acting within the course and scope of their employment. As their employer(s), Defendants are liable to Plaintiff for the negligence, wrongful acts and/or omissions committed by their

employees, administrator(s), agents, servants, representatives, officers, directors, designees, and/or contractors.

23.    As their employer, Defendant THE UNITED STATES OF AMERICA is liable to Plaintiff for the negligence, wrongful acts and/or omissions committed by its employees, agents, apparent agents or contractors as described herein that caused the death of CLARE DUKERT and the resulting damages to the Estate of CLARE W. DUKERT and his surviving spouse PATRICIA DUKERT.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Individually and on behalf of the Estate of Clare W. Dukert prays for judgment against Defendant, for an award of the following:

    A. Compensatory damages suffered by the Estate of Clare W. Dukert and his surviving spouse Patricia Dukert in favor of the Plaintiff in an amount to be proven at trial;

    B. Costs and post judgment interest; and

    C. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

**POULOS & COATES, L.L.P.**
1802 Avenida de Mesilla
Las Cruces, NM 88005
(575) 523-4444 *Office*
(575) 523-4440 *Facsimile*

By:*/s/ Victor F. Poulos*
       **VICTOR F. POULOS**
       NM Bar No. 3928
       Attorney for Plaintiff

By Law Office of Felicia Weingartner
500 Tijeras Ave NW
Albuquerque, NM 87102
(505) 842-8057 *Office*
(505) 897-1992 *Facsimile*


By:*/s/ Felicia Weingartener*
      **FELICIA WEINGARTNER**
      NM Bar No. 6700
      Attorney for Plaintiffs